**Charlene WORLEY, Appellant,**

v.

**Granville A. WORLEY, Respondent.**

**No. 42981.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 24, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1981.

David C. Godfrey, Clayton, for appellant.

James B. Ashwell, Clayton, for respondent.

REINHARD, Judge.

Wife appeals from portions of a dissolution decree. After holding a hearing at which both parties testified, the court dissolved the marriage. In its decree, the court denied wife's request for maintenance and divided the marital property basically in half.

At trial, evidence of marital misconduct was introduced. Husband admitted having sexual relations with another woman, but contended that marital relations with wife had been almost nonexistent for several years. Wife denied husband's contention concerning the frequency of their marital relations.

Also during trial, wife testified that the marital home had been broken into several times. These break-ins occurred after she had changed the locks. Wife contended that husband had broken in and caused the damage. Husband admitted breaking into the house to get some of his property but maintained that he did not cause any damage therein. During trial, the court admitted photographs of the damage to the house as "evidence of the value of the property, but not as evidence of marital misconduct . . . ."

On appeal, wife alleges the trial court erred in refusing to admit "exhibits and evidence to show respondent's [husband's] responsibility in damaging the family residence and its contents." Apparently, wife's complaint centers around the refusal to admit the photographs as evidence of marital misconduct. We find no error in the court's limitation on the admittance of the photographs because, as the court stated in its decree, the pictures did not cast any light on who was responsible for the damage exhibited in the pictures.

We also find no error in the court's distribution of the marital property and failure to award maintenance. Wife claims that the husband was awarded a greater portion of the property. She reaches this conclusion by placing value on vehicles which the court determined lacked equity.[1] Although the wife contends the court failed to consider husband's marital misconduct, the court specifically stated that it could not determine who had damaged the property. Since neither party requested findings of fact and conclusions of law and none were made, there is no indication that the court did not consider the

---

1. The cars had been purchased on balloon notes which were to be paid at a later date.

husband's marital misconduct. The wife was employed at the time of the divorce and she did not have custody of the minor child. There was no error in the court's failure to award maintenance to her.

A review of the record leads us to conclude that the court's orders are supported by substantial evidence and are not against the weight of the evidence. Neither do they erroneously declare nor apply the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc.1976). An extended opinion would have no precedential value.

Accordingly, and in compliance with Rule 84.16(b), the judgment is affirmed.

CRIST, P. J., and SNYDER, J., concur.